IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BRIAN RUNNELS, #39145**                                              **PETITIONER**

**VS.**                                         **CIVIL ACTION NO.: 5:10-CV-158-DCB-JMR**

**JACQUELYN BANKS, Warden**                                            **RESPONDENT**

_____

**REPORT & RECOMMENDATION**
_____

This matter is before this Court on the Respondent's Motion [7-1] to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted or, In the Alternative, Pursuant to 28 U.S.C. § 2244(d) which was filed on October 26, 2010. The Court entered an Order requiring additional briefing on Respondent's motion to dismiss on April 26, 2011. (*See* Order [15].) Petitioner filed his Response [19-1] in Opposition to the motion to dismiss on May 9, 2011, as well as additional responses on May 23, 2011 and June 9, 2011. (*See* Resps. [21-1, 22-1].) Respondent filed a Response to this Court's Order requiring additional briefing on May 16, 2011. (*See* Resp. [20-1].) Having considered the Respondent's Motion [7-1], Petitioner's responses, the additional briefing, along with the record and the applicable law, this Court finds that Respondent's Motion [7-1] is not well-taken and should be denied.

**PROCEDURAL HISTORY**

Petitioner, Brian Runnels, pled guilty to one count of manslaughter and one count of armed robbery in the Circuit Court of Claiborne County, Mississippi on April 25, 1995. (Ex. "A" Attach. Pet'r Mem. [4-1] 4-5.) Runnels was sentenced to twenty (20) years for manslaughter and sixteen (16) years for armed robbery in the custody of the Mississippi Department of Corrections

("MDOC"), with the sentences to run consecutively. *Id.*

The Court notes that Runnels' state court record is not in the record before this Court, however, a recent Mississippi Court of Appeals opinion concerning Petitioner contains an accounting of Runnels' legal history relating to the convictions at issue. *See Runnels v. State*, 37 So.3d 684 (Miss.Ct.App. 2010). On November 1, 1995, Runnels filed his first motion for post-conviction relief, which, after a hearing in trial court, was denied on December 21, 1995. *Id.* at 685; *see also Runnels v. State*, 957 So.2d 424, 425 (Miss.Ct.App. 2007). Runnels filed a notice of appeal and the Mississippi Supreme Court affirmed the trial court's ruling without a published opinion on October 23, 1997. *See Runnels v. State*, 703 So.2d 861 (Miss. 1997). Then, on February 28, 1998, Runnels filed a second motion for post-conviction relief, but he failed to bring the motion for a hearing or pursue it further. *Runnels*, 37 So.3d at 685. There is no indication that the trial court has ever ruled on Runnels' second PCR motion. Runnels filed a third motion for post-conviction relief on June 6, 2000, which was denied, and on July 17, 2000 he filed a motion for reconsideration. *Id.*

On May 16, 2001, he filed a petition to show cause, which the trial court denied. *Id.* Runnels then filed a notice of appeal. *Id.* On February 17, 2004, Runnels filed a second petition to show cause, which the trial court again denied. *Id.*; *see also Runnels v. State*, 919 So.2d 1072, 1073 (Miss.Ct.App. 2005). Runnels appealed the denial of the second petition to show cause and the Mississippi Court of Appeals affirmed the trial court's denial on July 19, 2005. *See Runnels*, 919 So.2d at 1073-75. Thereafter, in April 2006, Runnels filed a motion for relief from the judgment of the trial court, which was denied on May 17, 2006. *Runnels*, 37 So.3d at 685; *see also Runnels*, 957 So.2d at 425. Runnels appealed, and on May 15, 2007, the Mississippi Court of Appeals again affirmed the trial court. *Runnels*, 957 So.2d at 425-26.

On September 8, 2008, Runnels filed a motion for writ of habeas corpus in the trial court

alleging that he was being held under an illegal sentence. *Runnels*, 37 So.3d at 685. The circuit court treated the motion as a motion for post-conviction relief and dismissed the motion. *Id.* Runnels appealed, and on February 16, 2010, the court of appeals affirmed the trial court's dismissal of his motion. *Id.* The court held that Petitioner was lawfully sentenced and his sentences did not exceed the maximum sentences allowed by statute. *Id.* at 686. The court found that Runnels' sentences fail to constitute illegal sentences. *Id.*

On October 12, 2010, Runnels filed the instant Petition for Writ of Habeas Corpus. On that same day, Runnels filed a Motion for Leave to Proceed in forma pauperis. The Motion was granted by Order on October 13, 2010. On October 26, 2010, Respondent filed the present Motion to Dismiss. Respondent asserts that Petitioner has failed to state a claim upon which relief can be granted and that Petitioner's petition was filed outside the statute of limitations. The instant case was reassigned to the undersigned on February 2, 2011. (*See* Order [11].) On April 26, 2011, this Court entered an Order requiring additional briefing on the statute of limitations issue raised in Respondent's motion to dismiss. (*See* Order [15].) Specifically, the Court requested briefing on whether or not Petitioner's second motion for post-conviction relief filed in state court on February 28, 1998 was still "pending" pursuant to the tolling provision of 28 U.S.C. § 2244(d)(2). Petitioner filed a Response in opposition to Respondent's motion to dismiss on May 9, 2011. (*See* Resp. [19-1].) Respondent filed a Response to this Court's Order requiring additional briefing on May 16, 2011. (*See* Resp. [20-1].) Petitioner filed additional responses on May 23, 2011 and June 9, 2011. (*See* Resps. [21-1, 22-1].)

## ANALYSIS

Respondent first argues that Runnels has failed to state a claim upon which relief can be granted and requests the petition be dismissed. Specifically, Respondent claims that the Mississippi

Parole Board has absolute discretion over an inmate's parole and therefore a prisoner has no constitutionally protected liberty interest in parole. (Resp't's Mot. [7-1] Dismiss 4.) Respondent asserts that a prisoner does not have an automatic right to parole and that the state parole board has the exclusive responsibility of granting or denying parole, independent of a circuit court's sentencing authority. *Id.* 4-5.

In his one and only ground for relief, Runnels states that "Petitioner was given erroneous information regarding his sentence by trial (defense) counsel, prosecution and trial judge, that has resulted in a clear manifestation of injustice, as they broke it's [sic] contract after nearly 14 years has elapse [sic]." (Pet. [1-1] 2.) In his Petition and brief in support, Runnels argues that he was enticed by his attorney, the prosecution, and the trial judge to plead guilty to an illegal sentence. Runnels claims that he was informed that if he pled guilty to armed robbery, then he would be eligible for parole after serving just ten (10) years of the sixteen (16) year sentence imposed for the armed robbery charge. However, pursuant to Mississippi Code Annotated § 47-7-3(1)(d)(ii) Runnels is not, and was not at the time of his guilty plea and sentencing, eligible for parole on his armed robbery conviction. MISS. CODE ANN. § 47-7-3(1)(d)(ii) states that

> No person shall be eligible for parole who shall, on or after October 1, 1994, be convicted of robbery, attempted robbery or carjacking as provided in Section 97-3-115 et seq., through the display of a firearm or drive-by shooting as provided in Section 97-3-109. The provisions of this paragraph (d)(ii) shall also apply to any person who shall commit robbery, attempted robbery, carjacking or a drive-by shooting on or after October 1, 1994, through the display of a deadly weapon.

Mississippi courts have recognized that MISS. CODE ANN. § 47-7-3(1)(d)(ii) "indeed forecloses armed robbers convicted **after** October 1, 1994, from parole eligibility." *Thomas v. State*, 881 So.2d 912, 916 (Miss.Ct.App. 2004) (emphasis added). Prior to October 1, 1994, those convicted of armed robbery were parole eligible for any portion of a sentence imposed beyond ten (10) years. *See* MISS.

CODE ANN. § 47-7-3; *see also Hudson v. State*, 932 So.2d 842, 843 (Miss.Ct.App. 2005).

Runnels pled guilty to armed robbery and manslaughter in April of 1995 for the October 29, 1994 armed robbery and murder of Timothy Tollman, which was after the date that Section 47-7-3(1)(d)(ii) became applicable to persons convicted of armed robbery. *See* MISS. CODE ANN. § 47-7-3(1)(d)(ii). Thus, it appears at the time of his guilty plea and sentencing, Petitioner was not eligible for parole or early release on any portion of his armed robbery conviction. *Id.* Attached to his Memorandum in Support of his Petition, Runnels included what he purports to be a partial transcript of his guilty plea hearing, wherein the following exchange occurred:

> THE COURT: You understand that you will not be eligible for parole for a term of ten years of your sentence for armed robbery; do you understand that?
>
> MR. RUNNELS: Yes, sir.
>
> ...
>
> THE COURT: How do you plead to the charge of armed robbery, guilty or not guilty?
>
> MR. RUNNELS: Guilty.

(Ex. "A" Attach. Pet'r's Mem. [4-1] 3.) Runnels claims that he was informed by his trial counsel, the prosecution and the trial judge that he would be eligible for parole on his armed robbery conviction after serving ten (10) years of the total sixteen (16) year sentence imposed. (*See* Pet. [1-1]; *see also* Pet'r's Mem. [2-1].) Runnels states that he "believed this and only pled guilty soley [sic] upon this knowledge thinking that he was properly and adequately advised concerning the recommended sentence..." (Pet'r's Mem. [4-1] 7.) Runnels notes that the law changed prior to his sentencing to require mandatory day for day sentencing on armed robbery convictions, and he asserts

that the State has now broken its "contract" with him by imposing a mandatory sentence on his armed robbery conviction. *Id.* at 8-9.  Construing Petitioner's pleadings liberally, Runnels claim is that his guilty plea was not knowingly or voluntarily entered because he was erroneously informed that he would be parole eligible on his armed robbery charge.

A guilty plea must be made knowingly, voluntarily, and intelligently to be constitutionally valid. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007).  A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969); *see also Machibroda v. United States*, 368 U.S. 487, 493, 7 L. Ed. 2d 473, 82 S. Ct. 510 (1962) ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted).

Though Petitioner requests as relief in the present petition that the State of Mississippi adhere to the alleged plea agreement which allowed for parole on his armed robbery conviction after serving ten (10) years, the Court notes that Petitioner has alleged that he was affirmatively mislead as to the consequences of his guilty plea and thus his plea was not knowingly, voluntarily and intelligently entered. (*See* Pet. [1-1].)  Respondent is correct in that parole is a matter of legislative grace and that prisoners do not have a constitutionally protected liberty interest in parole. *Scales v. Mississippi State Parole Board*, 831 F.2d 565 (5th Cir. 1987) ("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest" in parole.) However, "a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation," such would be a violation of due process. *Thomas*, 881 So.2d at 916; *see also United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.

1990) (Due process requires that a defendant "be advised and understand the consequences of a guilty plea."). In his Petition, Runnels claims that his guilty plea was not knowingly or voluntarily entered because he was erroneously informed that he would be parole eligible on his armed robbery charge. Thus, the Court finds that Runnels has stated a claim upon which relief can be granted. Therefore, Respondent's request to dismiss Runnels' Petition for failure to state a claim upon which relief can be granted should be denied.

Additionally, the Respondent argues that Runnels' *habeas* petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA. A petitioner seeking federal *habeas* relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] However, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2).

In the instant petition, Runnels challenges his armed robbery conviction from Claiborne County, Mississippi in 1995 and the sentence imposed by the trial court. (*See* Pet. [1-1]; *see also* Mem. [4-1].) Respondent argues that Runnels' habeas petition should have been filed within one year of the date that his conviction became final. Respondent claims that unless the narrow

---

[1] The statute provides that the limitations period shall run from the latest of
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal *habeas corpus* petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See*, *e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

Mississippi state law prohibits a defendant who has pled guilty from prosecuting a direct appeal of his *conviction* in state court. *See* MISS. CODE ANN. § 99-35-101; *see also Lett v. State*, 965 So.2d 1066 (Miss. 2007). However, the Mississippi Supreme Court has created an exception permitting a defendant to appeal the *legality of his sentence* within thirty days of the imposition of that sentence. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Thus, Runnels conviction and sentence became final on May 25, 1995, thirty days after he was sentenced on his guilty plea. *See Boyett v. Waller*, 2006 WL 3206082, *1 (N.D.Miss. 2006). However, the AEDPA's one-year time limit does not begin to run against a prisoner convicted prior to the statute's date of enactment, April 24, 1996. Rather, federal *habeas* petitioners, such as Runnels, whose conviction became final prior to the enactment date are entitled to a one-year grace period until April 24, 1997, to file for *habeas* relief. *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). Thus, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's limitation period.

Therefore, unless Runnels properly filed a petition for post conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) between April 24, 1996, and April 24, 1997, to toll the limitations period, Runnels' instant *habeas* petition would be filed too late. *See Grillette*, 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). As previously stated, Runnels filed his first motion

for post-conviction relief on November 1, 1995, and the Mississippi Supreme Court affirmed the trial court's denial on October 23, 1997. *See Runnels*, 703 So.2d 861. Thus, Runnels' first post-conviction motion tolled the statute of limitations for AEDPA purposes from October 23, 1997, to October 23, 1998, one year. Runnels filed a second motion for post-conviction relief on February 28, 1998, before the October 23, 1998 deadline, however, from the Mississippi Court of Appeals' opinions and pleadings before this Court, it appears the trial court has never ruled on Runnels second PCR motion and it is still pending in the trial court. *See Runnels*, 919 So.2d at 1074-75.

The Fifth Circuit has held that "a state petition for habeas relief is 'pending' for AEDPA tolling purposes on the day it is filed through (and including) the day it is resolved." *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). The court noted that a state court could render judgment on the petition at any point during this period. *Id.* "State review ends when the state courts have finally resolved an application for state postconviction relief." *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007). A state post-conviction application "remains pending" "until the application has achieved final resolution through the State's postconviction procedures." *Carey v. Scaffold*, 536 U.S. 214, 220, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002). There is nothing in the record before this Court that indicates that the trial court has ever ruled on or resolved Runnels' second PCR motion. Additionally, in 2005, the Mississippi Court of Appeals found that it was still pending before the trial court and encouraged the trial court to dismiss it as a successive writ. *Runnels*, 919 So.2d at 1074-75. However, there is no indication before this Court that the trial court has taken any action on Runnels' second PCR motion. On April 26, 2011, this Court entered an Order requiring additional briefing as to whether or not Runnels' second PCR motion was still "pending" before the trial court pursuant to the tolling provision of 28 U.S.C. § 2244(d)(2). (*See* Order [15].) In her response, Respondent did not address whether or not the trial

court has issued a ruling on Runnels' second PCR motion or whether or not it is still pending; instead, Respondent re-asserted her claim that Runnels' second PCR motion filed in 1998 before the trial court was improperly filed. (Resp. [20-1] 2-3.) Thus, this Court can only conclude that Runnels' second PCR motion is still "pending" before the trial court for purposes of the tolling provision of 28 U.S.C. § 2244(d)(2).

Respondent submits that Runnels' second PCR motion was not a "properly filed" motion as contemplated by 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) states: "The time during which a **properly filed** application for State post-conviction [relief]... is pending shall not be counted toward any period of limitation under this subsection". 28 U.S.C. § 2244(d)(2) (emphasis added). The only argument Respondent advances in support of this contention is that Runnels failed to notice the circuit court for a hearing on the motion or pursue the motion after its filing in state court. (Resp't's Mot. [7-1] 7.) However, Respondent does not cite any relevant authority in support of this contention.[2] Additionally, this Court has not found any authority in support of Respondent's claim that a prisoner must notice his state post-conviction motion for a hearing for it to be considered as "properly filed" pursuant to § 2244(d)(2).

"An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). These procedural laws and rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and

---

[2] The Court notes that Respondent cited *Caldwell v. Dretke*, 182 Fed.Appx. 346 (5th Cir. 2006) for her contention that Runnels' second PCR motion was not properly filed. (Resp. [20-1] 2.) However, in *Caldwell* a Texas prisoner's state application for post-conviction relief was rejected for its failure to comply with Texas Rule of Appellate Procedure 73.2, which states that a clerk of the court will not file an application that is not in the proper form prescribed by the Court of Criminal Appeals. In the present cause, Respondent has not cited any statute or Mississippi procedural filing rule that Runnels violated which would cause his second PCR motion to be improperly filed.

the requisite filing fee." *Id.* "The *Artuz* court distinguished conditions to pre-filing (for example, time limits or form of the document) from conditions to obtaining relief: '[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.'" *Mathis v. Thaler*, 616 F.3d 461, 471 (5th Cir. 2010) (quoting *Artuz*, 531 U.S. at 8). As the Supreme Court has noted "state procedural bars 'prescribing a rule of decision for a court' confronted with certain claims... not properly presented are not 'filing' conditions." *Pace v. Digugliemo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 10-11, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000)). The Court must look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarter man*, 567 F.3d 146, 148 (5th Cir. 2009). The Fifth Circuit interprets the words "properly filed" narrowly. *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002).

This Court does not find Respondent's argument that Runnels second PCR motion was not "properly filed" because the trial court never ruled on the motion to have merit. As the court of appeals noted, in Mississippi PCR motions begin a separate new civil action, and Runnels second PCR motion could not have been dismissed automatically due to his failure to prosecute because some affirmative action is required by the trial court to dismiss a case due to a petitioner's failure to prosecute. *Runnels*, 919 So.2d at 1074 (citing *Berryman v. State*, 734 So.2d 292, 294 (P8) (Miss.Ct.App. 1999)). Also, the Mississippi Court of Appeals found that Runnels' second PCR motion was still pending and "awaiting dismissal by the trial court as a successive writ." *Runnels*, 919 So.2d at 1074.

Additionally, in her response to this Court's Order for additional briefing, Respondent claims that the Mississippi Court of Appeals has held that Runnels' second PCR motion was improperly

filed. (*See* Resp. [20-1] 2.) However, this is not accurate. When reviewing one of Runnels' Petitions to Show Cause for the trial court's failure to accept his PCR motions, the court of appeals noted that according to Mississippi law Runnels was barred from filing any successive PCR motions because his first PCR motion was dismissed by the trial court. *Runnels*, 919 So.2d at 1074. MISS. CODE ANN. § 99-39-23(6) states, in relevant part, that "any order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and... shall be a bar to a second or successive motion under this article." However, the statute contains several exceptions to the successive writ procedural bar. *See* MISS. CODE ANN. § 99-39-23(6). Also, the Mississippi Supreme Court has held in, a PCR case, that the denial of due process warranted exception from the procedural bars in the Uniform Post Conviction Collateral Relief Act. *Luckett v. State*, 582 So.2d 428 (Miss. 1991) (court held that "[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration."); *see also Jackson v. State*, 2010 Miss. LEXIS 170, No. 2008-CT-00074-SCT (Miss. April 1, 2010) (held that a petitioner's arguments in his fourth PCR motion regarding substantive deficiencies in his indictment - insofar as they implicated his fundamental constitutional rights to due process - were excepted from the timeliness and successive writ bars of the UPCCRA). Recognizing that there are exceptions to the successive writ procedural bar, the court of appeals in Runnels' case noted that "[u]nless the motion conformed to one of [the] exceptions, the second motion for post-conviction relief was never properly before the trial court." *Runnels*, 919 So.2d at 1074. The court then noted that it did not have a copy of Runnels' second PCR motion before it, and thus it "assum[ed] that his petition did not meet the statutory exceptions." *Id.* This is a far cry from the court **holding** that Runnels' second PCR motion did not meet any of the exceptions. Especially in light of the fact that the court went on to note that Runnels' second PCR motion was still pending before the trial court. *Id.* Accordingly, the trial court may at any

moment render a judgment on Runnels' second PCR motion. *See Windland*, 578 F.3d at 317. This Court also notes that it does not have a copy of Runnels' second PCR motion; therefore, it can not review the petition to determine whether or not Runnels' motion might fall under one the successive writ procedural bar exceptions.

This Court acknowledges that an argument can made that a successive PRC motion filed in state court would not be "properly filed" as contemplated in 28 U.S.C. § 2244(d)(2).[3] *See Pace*, 544 U.S. 408; *Artuz*, 531 U.S. 4; *Mathis*, 616 F.3d 461; *Wardlaw v. Cain*, 541 F.3d 275 (5th Cir. 2008); *Lookingbill v. Cockrell*, 293 F.3d 256, 260-65 (5th Cir. 2002); *Emerson v. Johnson*, 243 F.3d 931, 933 (5th Cir. 2001); *Felder v. Johnson*, 204 F.3d 168, 169 (5th Cir. 2000); and *Villegas v. Johnson*, 184 F.3d 467 (5th Cir. 1999). Honorable James Sumner recognized the same in *McDougle v. King*, where he noted that "[i]t is arguable that a petition found to be successive under Mississippi law was not 'properly filed' under AEDPA." 2006 U.S. Dist. LEXIS 99210, No. 4:05cv159-TSL-JCS (S.D.Miss. Nov. 2, 2006). Judge Sumner, however, found it unnecessary to make that determination in the case before him. Furthermore, this Court has not found a case that has made the determination of whether a petition found to be successive under Mississippi law was not "properly filed" under AEDPA. Furthermore, as noted previously, Runnels' second PCR motion is still pending before the trial court, therefore, it has yet to be found successive. Additionally, Respondent has not advanced a sufficient argument to persuade this Court that Runnels' second PCR motion was not "properly

---

[3] The Court also notes that in one of his responses to Respondent's motion to dismiss, Runnels states that his third PCR motion filed in the trial court in June 2000 was actually an amendment to his second PCR motion. (Pet'r's Resp. [21-1] 4.) Runnels third PCR motion was denied by the trial court. *Runnels*, 37 So.3d at 685. Therefore, a potential argument could be made that Runnels' third PCR motion encompassed the claims raised in his second PCR motion, and thus, his second PCR motion would not be "pending" for AEDPA purposes as the claims contained therein have been ruled upon. However, Respondent has not advanced this argument, nor does this Court have Runnels' second or third PCR motions to compare.

filed" as contemplated by 28 U.S.C. § 2244(d)(2). Thus, the Court, at the present, remains unconvinced that Runnels' second PCR motion was not "properly filed" as contemplated by the AEDPA. Therefore, at this point in time, for purposes of this opinion regarding the present motion, the Court finds that Runnels' second PCR motion filed in state court was properly filed for purposes of the tolling provision of the AEDPA.

Accordingly, as discussed *supra*, this Court can only conclude that Runnels' second PCR motion filed in the trial court on February 28, 1998 was properly filed and is still pending as contemplated by 28 U.S.C. § 2244(d)(2). Thus, Runnels' second PCR motion has triggered the tolling provision of section 2244(d)(2). Therefore, since Runnels' second PCR motion is still pending in the trial court, it is still tolling the statute of limitation provision of the AEDPA to this date. Accordingly, for the reasons discussed throughout this opinion, this Court finds that Respondent's motion to dismiss should be denied.

## RECOMMENDATION

By operation of the AEDPA, Runnels' conviction became final on April 24, 1996. Thereafter, Runnels had one year or until April 24, 1997, to file a federal petition for a writ of *habeas corpus*. Runnels timely filed at least two state habeas applications which have tolled, and continue to toll, the limitations period of the AEDPA. Therefore, Runnels' present petition is timely filed. Additionally, Runnels has alleged that he was denied due process during his sentencing by claiming that he was affirmatively misinformed as to the consequences of his guilty plea. Thus, this Court finds that Runnels has stated a claim upon which relief can be granted. It is the recommendation of this Court that Respondent's Motion [7-1] to Dismiss be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with

a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).[4]

THIS the __11th__ day of July, 2011.

>    *s/ John M. Roper, Sr.*
> CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.