IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BRIAN RUNNELS, #39145**                                                           **PETITIONER**

**VS.**                                            **CIVIL ACTION NO.: 5:10-CV-158-DCB-JMR**

**JACQUELYN BANKS, Warden**                                                  **RESPONDENT**

_____

**REPORT & RECOMMENDATION**
_____

This matter comes before the Court pursuant to the Respondent's Motion [32] to Dismiss filed October 12, 2011. The Petitioner filed his Response [35] on October 19, 2011, to which the Respondent did not file a Reply. Having considered the Respondent's Motion [32] and the Petitioner's Response [35] along with the record and all applicable law, this Court finds that Respondent's Motion is well-taken and should be granted. As the Court recommends the Motion should be granted and Petition denied as untimely, the Court also recommends that the Petitioner's Motion [17] for Discovery should be denied.

**PROCEDURAL HISTORY**

Petitioner, Brian Runnels, pled guilty to one count of manslaughter and one count of armed robbery in the Circuit Court of Claiborne County, Mississippi on April 25, 1995. (Ex. "A" Attach. Pet'r Mem. [4-1] 4-5.)  Runnels was sentenced to twenty (20) years for manslaughter and sixteen

(16) years for armed robbery in the custody of the Mississippi Department of Corrections ("MDOC"), with the sentences to run consecutively. *Id.*

The Court notes that Runnels' state court record is not in the record before this Court, however, a recent Mississippi Court of Appeals opinion concerning Petitioner contains an accounting of Runnels' legal history relating to the convictions at issue. *See Runnels v. State*, 37 So. 3d 684 (Miss.Ct.App. 2010). On November 1, 1995, Runnels filed his first motion for post-conviction relief, which, after a hearing by the trial court, was denied on December 21, 1995. *Id.* at 685; *see also Runnels v. State*, 957 So. 2d 424, 425 (Miss.Ct.App. 2007). Runnels filed a notice of appeal and the Mississippi Supreme Court affirmed the trial court's ruling without a published opinion on October 23, 1997. *See Runnels v. State*, 703 So. 2d 861 (Miss. 1997). Then, on February 28, 1998, Runnels filed a second motion for post-conviction relief, but he failed to bring the motion for a hearing or pursue it further. *Runnels*, 37 So. 3d at 685. There is no indication that the trial court has ever ruled on Runnels' second PCR motion. Runnels filed a third motion for post-conviction relief on June 6, 2000, which was denied, and on July 17, 2000 he filed a motion for reconsideration. *Id.*

On May 16, 2001, he filed a petition to show cause, which the trial court denied. *Id.* Runnels then filed a notice of appeal. *Id.* On February 17, 2004, Runnels filed a second petition to show cause, which the trial court again denied. *Id.*; *see also Runnels v. State*, 919 So. 2d 1072, 1073 (Miss.Ct.App. 2005). Runnels appealed the denial of the second petition to show cause and the Mississippi Court of Appeals affirmed the trial court's denial on July 19, 2005. *See Runnels*, 919 So. 2d at 1073-75. Thereafter, in April 2006, Runnels filed a motion for relief from the judgment of the trial court, which was denied on May 17, 2006. *Runnels*, 37 So. 3d at 685; *see also Runnels*, 957 So. 2d at 425. Runnels appealed, and on May 15, 2007, the Mississippi Court of Appeals again affirmed the trial court. *Runnels*, 957 So. 2d at 425-26.

On September 8, 2008, Runnels filed a motion for writ of habeas corpus in the trial court alleging that he was being held under an illegal sentence. *Runnels*, 37 So. 3d at 685. The circuit court treated the motion as a motion for post-conviction relief and dismissed the motion. *Id.* Runnels appealed, and on February 16, 2010, the court of appeals affirmed the trial court's dismissal of his motion. *Id.* The court held that Petitioner was lawfully sentenced and his sentences did not exceed the maximum sentences allowed by statute. *Id.* at 686. The court found that Runnels' sentences fail to constitute illegal sentences. *Id.*

On October 12, 2010, Runnels filed the instant Petition for Writ of Habeas Corpus. On that same day, Runnels filed a Motion for Leave to Proceed in forma pauperis. The Motion was granted by Order on October 13, 2010. On October 26, 2010, Respondent filed the present Motion to Dismiss. Respondent asserts that Petitioner has failed to state a claim upon which relief can be granted and that Petitioner's petition was filed outside the statute of limitations. The instant case was reassigned to the undersigned on February 2, 2011. (*See* Order [11].) On April 26, 2011, this Court entered an Order requiring additional briefing on the statute of limitations issue raised in Respondent's motion to dismiss. (*See* Order [15].) Specifically, the Court requested briefing on whether or not Petitioner's second motion for post-conviction relief filed in state court on February 28, 1998 was still "pending" pursuant to the tolling provision of 28 U.S.C. § 2244(d)(2). Petitioner filed a Response in opposition to Respondent's motion to dismiss on May 9, 2011. (*See* Resp. [19-1].) Respondent filed a Response to this Court's Order requiring additional briefing on May 16, 2011. (*See* Resp. [20-1].) Petitioner filed additional responses on May 23, 2011 and June 9, 2011. (*See* Resps. [21-1, 22-1].).

This Court entered a Report & Recommendations on July 11, 2011, recommending that the Respondent's motion be denied. (*See* R&R [23]). Respondent filed an Objection to the Report and

Recommendations on August 24, 2011. (*See* Obj'n [26]). Attached to this Objection was newly discovered proof of the final disposition of Runnels' second PCR motion, information originally requested by this Court in an Order entered April 26, 2011, prior to the entering of its Report & Recommendations. (*See* Order [15], Ex. E attached Obj'n [26-5] 3-5). Thereafter, the District Court adopted the Report & Recommendation in part and denied the Motion to Dismiss without prejudice, allowing the Respondent to file the instant Motion [32] supported by the newly discovered evidence.

## **ANALYSIS**

The Respondent argues that the Petition [1] is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA"). Section 2244(d) of AEDPA provides:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). A petitioner has a one-year period beginning at final judgment,

subject to the tolling provision of (d)(2) and the exceptions found in (1)(B)-(D), to properly file his federal habeas petition. Thus, in "assessing the timeliness of a federal habeas petition," the date a judgment became final is critical. *Mark v. Thaler*, 646 F.3d 191, 192 (5th Cir. 2011).

Brian Runnels pled guilty to armed robbery and manslaughter on April 25, 1995. As his conviction occurred before AEDPA's April, 24, 1996, effective date, he is entitled to a one-year grace period from that date to file his federal habeas petition. *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004). Thus, unless Runnels submitted a "properly filed" petition for post-conviction relief ("PCR") or other application for collateral review, his federal habeas petition must be filed on or before April 24, 1997.

Runnels filed his first PCR motion on November 1, 1995. The motion was denied by the trial court on December 21, 1995, and the Mississippi Supreme Court affirmed that ruling without a published opinion on October 23, 1997. As this properly filed PCR motion was pending before the state courts at the time Runnels' grace period began, it tolled the limitation period from April 24, 1997, until October 23, 1998. Runnels then filed his second PCR motion on February 28, 1998, which was denied by Order on August 25, 2005. Ex. D attached Mot'n [32-4]. While this second PCR motion was pending, Runnels filed a third motion for post-conviction relief on June 6, 2000. After a series of appeals, the third PCR motion was ultimately denied, at the latest, on May 15, 2007, when the Mississippi Court of Appeals, for the last time, affirmed the trial court's ruling. As a result of these PCR motions, the limitation period was tolled for the period between February 28, 1998, and May 15, 2007, a period of 3,363 days. The new due date for Runnels' to file a federal habeas petition was January 7, 2008. On September 8, 2008, Runnels filed a motion for writ of habeas corpus in the state trial court. However, because this motion was filed after the statute of limitations had run, it did not serve to toll the statutory period.

Under the "mailbox rule" a petitioner's *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest the Petitioner could have filed his petition was October 8, 2010, the date Runnels signed the petition as "executed." Considering October 8, 2010, as the filing date, the petition was filed 1,005 days past the January 7, 2008, deadline. As a result, it is the recommendation of this Court that the Motion [32] to Dismiss be granted and the Petition [1] dismissed with prejudice. As the Court recommends the Motion should be granted and Petition denied as untimely, the Court also recommends that the Petitioner's Motion [17] for Discovery should be denied.

## **RECOMMENDATION**

Runnels' federal habeas petition was due on or before January 7, 2008. Runnels filed his habeas petition on October 8, 2010, some 1,005 days past the January 7, 2008, date. Accordingly, this Court recommends that the Defendant's Motion [32] to Dismiss should be granted and the Petition [1] should be dismissed as time-barred pursuant to § 2244(d)(1). As the Court recommends the Petition should be denied as untimely, the Court also recommends that the Petitioner's Motion [17] for Discovery should be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations

contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   17th   day of January, 2012.

                                        s/ John M. Roper, Sr.
                              CHIEF UNITED STATES MAGISTRATE JUDGE