IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


BRIAN RUNNELS, #39145                                              PETITIONER

VS.                                    CIVIL ACTION NO. 5:10-cv-158(DCB)(JMR)

JACQUELYN BANKS, Warden                                            RESPONDENT


ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Respondent's Motion to Dismiss **(docket entry 32)**, on U.S. Chief Magistrate Judge John M. Roper's Report and Recommendation **(docket entry 37)**, and on the Petitioner's Objections thereto **(docket entry 38)**. Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the Court is of the opinion that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be denied.

The Petitioner, Brian Runnels, pled guilty to one count of manslaughter and one count of armed robbery in the Circuit Court of Claiborne County, Mississippi on April 25, 1995. He was sentenced to twenty (20) years for manslaughter and sixteen (16) years for armed robbery in the custody of the Mississippi Department of Corrections ("MDOC"), with the sentences to run consecutively.

On November 1, 1995, Runnels filed his first motion for post-conviction relief ("PCR motion"), which was denied on December 21, 1995. He then filed a notice of appeal, and the Mississippi Supreme Court affirmed the trial court's ruling on October 23,

1997.  On February 28, 1998, Runnels filed a second PCR motion, but he failed to bring the motion for a hearing or to pursue it further.  Runnels filed a third PCR motion on June 6, 2000, which was denied, and on July 17, 2000 he filed a motion for reconsideration.  On May 16, 2001, he filed a petition to show cause, which the trial court denied.  Runnels then filed a notice of appeal.  On February 17, 2004, Runnels filed a second petition to show cause, which the trial court again denied.  Runnels appealed the denial of the second petition to show cause and the Mississippi Court of Appeals affirmed the trial court's denial on July 19, 2005.  Thereafter, in April of 2006, Runnels filed a motion for relief from the judgment of the trial court, which was denied on May 17, 2006.  Runnels appealed, and on May 15, 2007, the Mississippi Court of Appeals again affirmed the trial court.  On September 8, 2008, Runnels filed a motion for writ of habeas corpus in the trial court alleging that he was being held under an illegal sentence.  The trial court treated the motion as a PCR motion and dismissed the motion.  Runnels appealed, and on February 16, 2010, the Court of Appeals affirmed the trial court's dismissal of his motion.  The court held that Runnels was lawfully sentenced and his sentences did not exceed the maximum sentences allowed by statute.  The court also found that Runnels' sentences did not constitute illegal sentences.

On October 12, 2010, Runnels filed the instant Petition for

Writ of Habeas Corpus. The Respondent filed a Motion to Dismiss, asserting that the Petitioner failed to state a claim upon which relief can be granted and that the petition was filed outside the statute of limitations. Magistrate Judge Roper entered an Order requiring additional briefing on the statute of limitations issue raised in the Respondent's motion, i.e., whether the Petitioner's second PCR motion filed in state court on February 28, 1998, was still "pending" pursuant to the tolling provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(2). Following briefing, Magistrate Judge Roper entered a Report and Recommendation recommending that the Respondent's motion be denied. The Respondent filed Objections to the Report and Recommendation, and attached newly discovered proof of the final disposition of Runnels' second PCR motion, information originally requested by Magistrate Judge Roper prior to the entering of his Report and Recommendation. This Court adopted the Report and Recommendation in part, and denied the Motion to Dismiss without prejudice, allowing the Respondent to file the instant Motion to Dismiss **(docket entry 32)** supported by the newly discovered evidence.

The Respondent argues that Runnels' Petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA. Section 2244(d) of the AEDPA provides a one-year limitations period, which runs, in Runnels' circumstances, from

3

"the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute also provides that "[t]he time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because Runnels pled guilty to armed robbery and manslaughter on April 25, 1995, his conviction occurred before the AEDPA's April, 24, 1996, effective date, and he was entitled to a one-year grace period from that date (i.e. until April 24, 1997) to file his federal habeas petition. See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 768 (5th Cir. 2004). Runnels filed his first PCR motion on November 1, 1995. It was denied by the trial court on December 21, 1995, and affirmed by the Mississippi Supreme Court on October 23, 1997. As this properly filed PCR motion was pending before the state courts at the time Runnels' grace period began, it tolled the limitation period from October 23, 1997, to October 23, 1998. Runnels then filed his second PCR motion on February 28, 1998. It was denied by the trial court on August 25, 2005. See Order of 8/25/2005, Exhibit D to Respondent's Second Motion to Dismiss.

While his second PCR motion was pending, Runnels filed a third

motion for post-conviction relief on June 6, 2000.  Following denial by the trial court, Runnels filed a motion for reconsideration, a petition to show cause, and a second petition to show cause, all of which were denied by the trial court.  Runnels then appealed to the Mississippi Court of Appeals, which affirmed on July 19, 2005.  Also, in April of 2006, Runnels filed a motion for relief from judgment, which was denied by the trial court on May 17, 2006, and affirmed by the Mississippi Court of Appeals on May 15, 2007.

In his Report and Recommendation, Magistrate Judge Roper finds that the limitations period was tolled for the period from February 28, 1998, to May 15, 2007, a period of 3,363 days.  Adding the 3,363 days to the original due date of October 23, 1998, results in an adjusted due date of January 7, 2008.  Runnels' federal habeas petition should have been filed on or before January 7, 2008, and is therefore untimely.[1]

Under the "mailbox rule," a petitioner's pro se federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing.  Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999).  Runnels' federal habeas petition was signed on October 3, 2010, which is the earliest possible date it could

---

[1] Runnels filed a fourth PCR motion on September 8, 2008. This motion was denied by the circuit court, and the denial was affirmed by the Mississippi Court of Appeals on February 16, 2010.  Since the motion was filed after January 7, 2008, it does not toll the statute of limitations any further.

5

have been delivered to prison officials for filing, and which is well after the January 7, 2008, deadline.

In his Objections to the Report and Recommendations, the Petitioner fails to show that he is entitled to any further tolling of the limitations period under Section 2244(d) of the AEDPA. Thus, the Objections are not well taken, the Respondent's Motion to Dismiss shall be granted, and this action shall be dismissed with prejudice.

Accordingly,

IT IS HEREBY ORDERED that U.S. Chief Magistrate Judge John M. Roper's Report and Recommendation **(docket entry 37)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the Petitioner's Objections thereto **(docket entry 38)** are DENIED;

FURTHER ORDERED that the Respondent's Motion to Dismiss **(docket entry 32)** is GRANTED.

A final judgment dismissing the Petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 6th day of June, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE